## Commonwealth v. Kavusak

*Murray Mackson*, Assistant District Attorney, for Commonwealth.

*John M. Yarema,* for defendant.

HEIMBACH, P. J., June 8, 1972.—Defendant was found guilty of violating a provision of The Vehicle Code in a summary proceeding initiated by a complaint. The matter is before us on certiorari. Defendant insists that he must be discharged because the complaint fails to charge him with an offense. We agree. The subject complaint reads as follows:

"At or about the hour of 12:05 A.M. . . John Anthony Kavusak, Jr., defendant above named, owner or operator of a Ford Sedan, bearing Pennsylvania Registration No. 455-27U, Operator's Plate No. 15163-600, did unlawfully then and there disobey the directions of a traffic signal, placed in accordance with the provisions of this act unless otherwise directed by a peace officer, located at the intersection of Delaware Avenue and 3rd Street, in aforesaid borough and county, erected by proper authority, by traveling east on Delaware Avenue. This is in violation of Act 32, Article 10, Section 1028, Subsection A, P. L. 58, 1959, of The Vehicle Code of Pennsylvania, as further amended."

Carringer sums up the requirements of a complaint in his "Pennsylvania Summary Convictions," page 34, as follows:

"The complaint must . . . be sufficiently definite to show 'some specific act within the statute charged to have been violated' . . .

". . . It is not sufficient to charge that the defendant violated a specified section of a certain act without describing the action on the defendant's part constituting the alleged violation; the information should specifically describe the offense."

We followed this requirement in the unreported case of Commonwealth v. Daniel M. Boyle, defendant, filed in the Court of Common Pleas of Carbon

County to September term, 1962, no. 36. In such opinion we quoted from Commonwealth v. Smith, 75 D. & C. 428, where the court said:

". . . the essential elements of the offense must be set forth in common parlance in the information. The criminal act constituting the offense must be averred. If that be done, the information is sufficient; otherwise, it is not, and should be quashed."

In accord: Commonwealth v. Maurer, 30 D. & C. 2d 527; Commonwealth v. Petruso, 56 Municipal Law Reporter 135; Commonwealth v. Yocum, 10 Lebanon County L. J. 147.

Pennsylvania Rules of Criminal Procedure, adopted January 31, 1970, and effective May 1, 1970, have not affected the requirements of a complaint, supra. Rule 102, Institution of Proceedings, inter alia, provides:

"Criminal proceedings may be instituted by:

"(1) a written complaint in any case. . . .

"(6) A citation when the offense is a summary offense under The Vehicle Code, provided the police officer is in uniform."

Rule 104, Contents of Complaint, inter alia, provides:

"Every complaint . . . shall contain:

"(6) . . . (b) In a summary case, a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged."

Obviously, he is entitled to know in what manner he disobeyed the directions of a traffic signal.

The complaint in question was drawn up by the prosecutor, a police officer of the Borough of Palmerton. It is understandable that he is not acquainted with the legal requirements of a complaint. The pit-

fall encountered here could have been avoided if members of the Palmerton Police Department initiated summary proceedings by the issuance of a citation, rather than by a complaint, as provided in Rule 131 of the Pa. Rules of Criminal Procedure. The citation form provided presents no difficulty in completing, and its use would eliminate the undesirable results mandated in the instant proceedings.

We continue to fail to understand why our suggestion made months ago that, where the law permits, citation proceedings should be used.

We enter the following

### ORDER

Now, to wit, June 8, 1972, for the reasons set forth, the judgment finding defendant guilty of the offense charged is set aside and vacated and defendant is discharged. Costs on the County of Carbon.